```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


PAUL JEFFREYS,                    :
                                  :    Civil Action No. 07-3940(RMB)
              Petitioner,         :
                                  :
         v.                       :    OPINION
                                  :
STATE OF NEW JERSEY,              :
                                  :
              Respondent.         :
```

**APPEARANCES:**

    PAUL JEFFREYS, Petitioner pro se
    # 46166
    Burlington County Detention Center
    54 Grant Street
    Mount Holly, New Jersey 08060

**BUMB**, District Judge

This matter is before the Court on petitioner Paul Jeffreys' petition for habeas corpus relief under 28 U.S.C. § 2254.[1]  For the reasons set forth below, the petition will be dismissed without prejudice.

                  I.   BACKGROUND

According to the allegations contained in the petition, petitioner, Paul Jeffreys ("Jeffreys"), is a state pretrial detainee who has not yet been convicted with respect to state

---

[1] This Court construes the pleading submitted by Jeffreys as a § 2254 petition because he appears to be challenging his state court criminal proceedings based on claims of prosecutorial misconduct and ineffective assistance of trial counsel.  The Court further notes that Jeffreys appears to have designated his action as a § 2254 petition in a sentence tucked in the second line on the third page of his eleven-page letter "petition."

court criminal proceedings pending against him.  In the jumble of papers submitted by Jeffreys, he states that he was set to plead guilty to certain offenses on August 27, 2007.  It appears that Jeffreys is challenging the state court proceedings on grounds of ineffective assistance of counsel and official misconduct concerning what he claims is a "bogus" true bill or indictment in Camden County.  Jeffreys also states that he will be subject to an 85% sentence under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.  Jeffreys contends that he has exhausted his state court remedies with respect to this matter,[2] but it is clear that he has not done so since no judgment of conviction has been entered and no state court appeal process has been undertaken by him.  Instead, Jeffreys brings this federal habeas petition under 28 U.S.C. § 2254, alleging claims of official misconduct and ineffective assistance of counsel.

II.  ANALYSIS

A.  Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause

---

[2] It may be that Jeffreys believes his efforts to contact the New Jersey Attorney General's Office constitute an exhaustion of state court remedies.  Jeffreys apparently filed ethics and other complaints about his attorneys' conduct during pretrial proceedings.

>    why the writ should not be granted, unless it appears from
>    the application that the applicant or person detained is
>    not entitled thereto.

Jeffreys brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[3]  28 U.S.C. § 2254(b)(1). See

---

[3] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary

---

codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

4

appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Jeffreys has failed to exhaust his state court remedies with respect to his state court "conviction."  Jeffreys admits that a

5

judgment of conviction has not yet been entered against him as his plea hearing was scheduled for August 27, 2007.  Thus, Jeffreys has not sought any form of state court review of his pending conviction and sentence, and he asserts no facts to suggest that state court review procedures are unavailable to him.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254(b)(1).  See Rose, 455 U.S. at 510.

Finally, it appears that Jeffreys might be seeking compensatory and punitive damages from the Camden County Prosecutor's Office and Jeffreys' attorneys on the aforesaid claims of official misconduct and ineffective assistance of counsel.  This claim for monetary relief is found buried in the middle of the 81 pages of documents submitted by Jeffreys in this habeas action, hence, it is not apparent that Jeffreys intended to make such a claim or that it is simply part of attachments he submitted with his letter petition.  Jeffreys also appears to allege that he has been denied eye glasses during the time he has been confined at the Burlington County Detention Center.  To the extent that Jeffreys may be attempting to assert claims of civil rights violations under 42 U.S.C. § 1983 seeking damages, such claims are not cognizable in this § 2254 habeas action.  See Preiser v. Rodriquez, 411 U.S. 475 (1973).  Jeffreys may file a

separate civil rights complaint if he wishes to proceed with these claims for money damages.[4]

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[4] This Court notes that Jeffreys' intention to pursue these claims are not clear given the fact that these allegations were buried in a rambling collection of attachments to Jeffreys' letter petition.  Moreover, Jeffreys does not name specific, individual defendants with respect to these § 1983 claims. Accordingly, if Jeffreys does intend to file a separate complaint seeking redress under § 1983, he should submit a separate and complete pleading naming the proper defendants.

would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## IV.  CONCLUSION

For the foregoing reasons, this Court finds that Jeffreys has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.  No certificate of appealability will issue, insofar as Jeffreys has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Finally, Jeffreys' claims for damages based on alleged civil rights violations under 42 U.S.C. § 1983 will be dismissed without prejudice because they are not cognizable in a § 2254 habeas action.  He may file a separate civil complaint with an application to proceed in forma pauperis if he wishes to pursue these claims.  An appropriate Order follows.

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge

DATED: September 6, 2007