**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL JEFFREYS,                  :
                                :   Civil Action No. 07-3940 (RMB)
         Petitioner,            :
                                :
     v.                         :   **OPINION**
                                :
STATE OF NEW JERSEY,            :
                                :
         Respondent.            :

**APPEARANCES:**

    PAUL JEFFREYS, Plaintiff <u>Pro Se</u>
    # 46166
    Burlington County Detention Center
    54 Grant Street, P.O. Box 6000
    Mount Holly, New Jersey 08060-6000

**BUMB**, District Judge

    This matter comes before the Court upon the letter motion of <u>pro se</u> plaintiff, Paul Jeffreys ("Jeffreys"), seeking the Court to reconsider its ruling on September 6, 2007, dismissing Jeffreys' petition for a writ of habeas corpus under 28 U.S.C. s 2254. (<u>See</u> Docket Entry Nos. 2 and 3). Jeffreys filed his motion on or about September 20, 2007. (Docket Entry No. 4).

    Plaintiff's motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied.

### I. BACKGROUND

Jeffreys originally submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254 for filing on or about July 12, 2007. It was received by the Clerk's Office on August 15, 2007. This Court dismissed the action in an Opinion and Order entered on September 6, 2007.[1] Principally, this Court found that Jeffreys was challenging his state court criminal proceedings based on claims of prosecutorial misconduct and ineffective assistance of counsel. However, Jeffreys had not shown that a judgment of conviction had been entered, or that he had exhausted his state court remedies before proceeding to federal court.

Jeffreys filed this motion for reconsideration on or about September 20, 2007. In his motion papers, Jeffreys points to several factual errors in this Court's September 6, 2007 Opinion. First, he states that he did not have a plea hearing on August

---

[1] This Court also noted that Jeffreys may have been attempting to file a civil action under 42 U.S.C. § 1983 with respect to his claims against the Camden County Prosecutor's Office and his attorneys based on official misconduct and ineffective assistance of counsel. Jeffreys also appeared to allege that he had been denied eye glasses during the time he has been confined at the Burlington County Detention Center. This Court held that to the extent that Jeffreys may be attempting to assert claims of civil rights violations under 42 U.S.C. § 1983, such claims are not cognizable in a § 2254 habeas action. See Preiser v. Rodriguez, 411 U.S. 475 (1973). The Court stated that Jeffreys may file a separate civil rights complaint if he wishes to proceed with these claims for money damages; however, he would have to name the proper defendants in his § 1983 action.

27, 2007, because he in fact had pled guilty on June 14, 2007. He further states that he had signed the "85% supplemental plea" forms on June 14, 2007, to run concurrent with the Burlington County convictions. Jeffrey thus emphasizes that a judgment of conviction has been entered against him.

Jeffreys also claims that the papers he submitted with his initial habeas application should confirm that his indictment in Camden County was fraudulent.

More significantly, however, Jeffreys argues that "exhaustion" is not a prerequisite to a cause of action under § 1983. He claims violations of his constitutional rights under the First, Fifth, Sixth and Fourteenth Amendments stemming from his "unlawful detention" for two years on an offense for which he allegedly was never indicted. Jeffreys states that he is not seeking money damages; rather, he is seeking criminal sanctions under 18 U.S.C. §§ 241 and 242.

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs

motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

4

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

In this case, Jeffreys asks the Court to reopen his case by alleging that this Court "overlooked" several factual and legal issues that would purportedly alter the disposition of the matter. To the extent that Jeffreys' action is a § 2254 habeas petition challenging his Camden County indictment, his action is subject to dismissal without prejudice for failure to exhaust state court remedies. Jeffreys' argument that this Court mistakenly concluded that Jeffreys was not yet convicted is unavailing and would not serve to change the Court's disposition of the case. In fact, if Jeffreys had in fact been convicted, as he so states, he still must file a direct appeal or pursue other available state court remedies before bringing a federal habeas petition under § 2254. Consequently, any alleged factual errors made by this Court in its September 6, 2007 Opinion would not

serve to alter the Court's decision to dismiss the matter for failure to exhaust state court remedies.

Nevertheless, this Court recognizes that Jeffreys is now arguing that he is seeking relief, not under 28 U.S.C. § 2254, but rather, under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, and on this basis exhaustion is not required. In its September 6, 2007 Opinion, this Court noted that Jeffreys may have been attempting to assert a § 1983 action, and if so, that cause of action was deficiently presented. In particular, this Court instructed Jeffreys that if he did so intend to assert a complaint under § 1983 based on civil rights violations, he would have to file a separate action and name the proper defendants relating to his claims of prosecutorial misconduct, ineffective assistance of counsel, etc. Jeffreys also would have to pay the $350.00 filing fee or submit an application to proceed _in forma pauperis_, with his six-month prison account statement, pursuant to 28 U.S.C. § 1915, which is required for the filing of civil complaints. Jeffreys did not cure any of these deficiencies for filing a § 1983 civil complaint. Instead, he filed this motion for reconsideration, which fails to correct the noted deficiencies of his purported § 1983 action.

Moreover, to the extent that Jeffreys is asserting a civil action under 18 U.S.C. §§ 241, 242, this Court finds no basis for relief that would ultimately change the disposition of this case.

Indeed, if this Court were to reopen this case to allow Jeffreys to assert a civil cause of action under 18 U.S.C. §§ 241 and 242, the action would be dismissed because these criminal statutes prohibiting deprivation of rights under color of law do not provide Jeffreys with a privately enforceable right that would entitle him to relief on a habeas application, even assuming he could provide a basis for his claims of prosecutorial misconduct and ineffective assistance of counsel.  See Wagner v. United States, 377 F. Supp.2d 505 (D.S.C. 2005), appeal dismissed, 146 Fed.Appx. 701 (4th Cir. 2005).  There simply is no private right of action under these federal criminal statutes, proscribing deprivation of rights under color of law and conspiracy to commit offense or to defraud the United States.  Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F. Supp.2d 17 (D.D.C. 2003); Dugar v. Coughlin, 613 F.Supp. 849 (S.D.N.Y. 1985).  See also Purk v. United States, 747 F.Supp. 1243 (S.D. Ohio 1989)(criminal prohibitions against deprivation of rights under color of law and certain acts of revenue officers or agents do not permit private causes of action); Powell v. Kopman, 511 F.Supp. 700 (S.D.N.Y. 1981) (Section 242, which is the criminal analogue to section 1983 of Title 42 prohibiting deprivation of civil rights under color of state law, does not create a private right of action); Williams v. Halperin, 360 F.Supp. 554 (S.D.N.Y. 1973)(Section 242 does not create a private right of action, but rather is a criminal provision for deprivation of civil rights);

8

Riser v. WSYX-TV ABC-6, 2002 WL 31409427 (S.D. Ohio, July 17, 2002)(statutes that criminalized conspiracy to deprive persons of their rights secured by the Constitution or laws of the United States, and deprivation of rights under color of law, did not provide private cause of action for civil liability).

Thus, Jeffreys cannot satisfy the threshold for granting a motion for reconsideration on his legal argument that he has a cause of action under 18 U.S.C. §§ 241, 242.

Finally, by re-characterizing his initial § 2254 petition as a civil complaint under 42 U.S.C. § 1983 to avoid dismissal under the exhaustion doctrine, Jeffreys still cannot avoid dismissal of his case. To the extent that Jeffreys has not been convicted and sentenced on the allegedly bogus Camden County indictment, his federal civil rights action would be precluded because such a claim must first be raised in Jeffreys' ongoing state criminal case. A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

However, if in fact Jeffreys has been convicted, as he alleges in his motion for reconsideration, any claim of prosecutorial misconduct or ineffective assistance of counsel, etc., seeking to invalidate his conviction, must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any such violations

of federal constitutional or statutory law.[2]  <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

In sum, this Court finds that Jeffreys has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  The only recourse available to

---

[2]  It is unclear what type of relief Jeffreys is seeking under his purported § 1983 claims.  If, as it appears, Jeffreys is seeking to invalidate the Camden County "indictment" or conviction, then his action, which presumes release from confinement, is actually a habeas petition that cannot be brought until he exhausts state court remedies.  <u>Preiser</u>, <u>supra</u>.  However, if Jeffreys is seeking damages (which he asserts is not true), then his § 1983 action would be barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the Court addressed a corollary question to that presented in <u>Preiser</u>, *i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.  <u>Heck</u>, 512 U.S. at 486-87.  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.  <u>Id</u>. at 487.  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

Thus, to the extent Jeffreys seeks relief that may necessarily imply the invalidity of the Camden County conviction he challenges here, his action would be barred by <u>Heck</u>, until Jeffreys receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.  Accordingly, Jeffreys' action, no matter how he attempts to characterize it, is not cognizable at this time and must, therefore, be dismissed without prejudice.

Jeffreys, if he disagrees with this Court's decision, should have been via the normal appellate process.

### III. CONCLUSION

For the reasons expressed above, Jeffreys' motion for reconsideration will be denied.  An appropriate Order follows.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: March 3, 2008

11